**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL RIMSCHNEIDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A05-1105-CR-414 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1006-FA-17

**April 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael Rimschneider appeals the denial of his request to withdraw his guilty plea. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 9, 2010, the State charged Rimschneider with three counts each of Class A felony dealing in cocaine[1] and Class B felony possession of cocaine[2] based on Rimschneider's drug transaction with an undercover officer. On July 26, the State also alleged Rimschneider was an habitual substance offender.[3]

On April 15, 2011, Rimschneider agreed to plead guilty to one count of Class A felony dealing in cocaine. The plea agreement provided Rimschneider would "receive the sentence this Court deems appropriate after hearing any evidence or argument of counsel. However, the executed portion of the sentence shall be no less than twenty (20) years and no more than twenty-six (26) years, which shall be executed in full in the Indiana Department of Correction." (App. at 22.)

At the sentencing hearing, Rimschneider's counsel indicated his client did not want to proceed with the sentencing hearing upon learning the executed portion of Rimschneider's sentence could not be ordered served at a community facility. Rimschneider also stated, "I don't want to accept the plea" (Tr. at 71) because he was "hoping that some of [his] executed time might be served in a facility that wasn't a prison, but was a community facility." (*Id.* at 68-9.) The trial court denied his request and sentenced Rimschneider to thirty years, with

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-48-4-6.
[3] Ind. Code § 35-50-2-10.

twenty-six years executed at the Department of Correction (DOC) and four years suspended to supervised probation.

## DISCUSSION AND DECISION

Motions to withdraw guilty pleas are governed by Ind. Code § 35-35-1-4. At any time before the imposition of the sentence, a court may grant the motion for "any fair and just reason." *Id*. The court is required to grant the motion to prevent "manifest injustice," but is required to deny the motion if the State would be "substantially prejudiced." *Id*. The trial court's ruling "arrives in our Court with a presumption in favor of the ruling." *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000). A defendant appealing an adverse decision must prove by a preponderance of the evidence the trial court abused its discretion. *Id*.

Ind. Code § 35-35-1-4(b) requires the motion to be in writing, to be verified, and to state the facts in support of the motion. "A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request." *Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000). Rimschneider's motion was oral; therefore, he has waived this issue. *See id*.

Waiver notwithstanding, Rimschneider has not shown manifest injustice required the court to allow him to withdraw his plea. At his plea hearing, he asked the judge questions about the specific terms of his plea agreement, and afterward answered affirmatively when asked if he understood the terms of the plea. Additionally, the court explained, in response to Rimscheider's attempt to withdraw his plea, that "some DOC facilities are community correction facilities. . . . [and] if a person is accepted into it, while still serving their DOC

sentence, they can serve that in the community in a community corrections facility." (Tr. at 69 – 70.) The court then stated:

> [A] sentence of twenty to twenty-six years executed in full in the Indiana Department of Correction doesn't mean that you are ineligible for those programs I just mentioned. . . . The decision about whether you go into those programs is made when --- after you go into the Department of Correction based upon how you behavior [sic] and accomplishments in the Department of Correction. . . . you can earn the right to participate in those programs . . . I can't make that determination today. But the Judge sitting in my seat will later have the opportunity to determine whether you should participate in the community transition program for the last months of your sentence. And the Department of Correction itself will have the discretion to place you in at a level of security that is less restricted, if your behavior indicates that that's appropriate.

(Id. at 70 – 71.) Therefore, the reason Rimschneider gave for rejecting the plea – alternative community placement – could be later remedied, contrary to his asserted reasoning for rejecting the plea.

Rimschneider did not submit his motion to withdraw his plea in writing as required by Ind. Code § 35-35-1-4(b) and has not demonstrated the denial of his motion produced manifest injustice. Therefore, we hold the trial court did not abuse its discretion when it denied his request to withdraw his guilty plea.

Affirmed.

CRONE, J., and BROWN, J., concur.

4